UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANICE PEARL CRAIG-GERSHAM,

                                        Plaintiff,

                                                    CIVIL CASE NO. 04-40285

v.

CITIFINANCIAL CREDIT CO., CITIGROUP,                 HONORABLE PAUL V. GADOLA
INC., and TROTT & TROTT, P.C.,                       U.S. DISTRICT COURT

                                        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Trott & Trott, P.C.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56(b). For the following reasons, the Court will grant Defendant's motion.

**I.    Background.**

Plaintiff Janice Craig Gersham brought this action against Defendants CitiFinancial Credit Company ("CitiFinancial"), CitiGroup, Inc. ("CitiGroup"), and Trott & Trott, P.C. ("Trott"). Plaintiff is a paralegal by trade and is pursuing this matter *pro se*. The complaint, filed October 6, 2004, contains six counts all under the heading "Federal Trade Commission Act Violations." The counts, however, allege various injuries under federal and state law. On January 11, 2005, the Court, choosing not to exercise supplemental jurisdiction, dismissed all of Plaintiff's state law claims without prejudice, leaving only Plaintiff's federal claims before the Court. Plaintiff later settled with CitiFinancial and CitiGroup and stipulated to the dismissal of both defendants from the lawsuit. Trott is now the only remaining defendant, and of the counts remaining before the Court,

only Count I, labeled "False and Misleading Representation," pertains to Trott. In that Count, Plaintiff claims that Trott "[i]ntentionally deceived the Plaintiff by offering money to move, presenting and executing false and misleading documents and therefore tricking Plaintiff to vacate the premises," in violation of applicable law. Compl. at ¶ 32.

In March of 2000, Plaintiff mortgaged her home to Associates Financial Services Company, Inc., ("Associates") for a subprime loan. Through a merger, Citigroup and CitiFinancial became successor corporations to Associates. On April 22, 2000, approximately a month after closing, Plaintiff was involved in an automobile accident which left her totally disabled. As a result of the accident, Plaintiff defaulted on her mortgage. CitiFinancial hired Trott to foreclose on the Mortgage. Trott held a foreclosure sale on December 3, 2002 and recorded a Sheriff's Deed on Mortgage Sale on February 25, 2003. This sale, however, was in violation of a Chapter 13 bankruptcy action that Plaintiff had filed on November 12, 2002.

At this point the accounts between the parties diverge. Trott states that it did not know of Plaintiff's bankruptcy action until some time afterwards. Furthermore, the validity of the bankruptcy filing was in question, for Plaintiff had filed at least five bankruptcy proceeding and the bankruptcy court had dismissed the previous four for failure to follow procedure. Trott states that when it discovered that the foreclosure sale may have occurred during a bankruptcy action, it informed Plaintiff that the she could set aside the sale by filing a state court complaint, but that the complaint would carry inherent fees and costs. According to Trott, Plaintiff wished to avoid such costs and therefore accepted $4,600.00 to help her relocate in exchange for a Deed in Lieu of Foreclosure and a Warranty Deed to the property. She did so despite the knowledge that the foreclosure sale would be set aside. Trott states that Plaintiff accepted the money, signed all the necessary documents, and

2

stipulated to a dismissal of the eviction action, but refused to sign a release of claims because she wished to reserve rights against Trott.

Plaintiff, on the other hand, claims that Trott intentionally deceived her and tricked her into signing the Deed in Lieu of Foreclosure.  She claims that Trott had the bankruptcy stay lifted by presenting a fraudulent sheriff's sale document to the bankruptcy court and then proceeded to actually foreclose on the property.  She claims that she was misled into believing that the foreclosure sale was allowable and that the Sheriff's Deed on Mortgage Sale was valid.  Plaintiff further claims that she was under duress when she accepted Trott's offer for relocation money and only accepted Trott's offer to avoid being cast out into the street with her children.  In addition, she was in poor health and diagnosed with a high risk pregnancy at the time she accepted Trott's offer.  She states that she asked for more money, but was asked to sign a settlement agreement.

## II.    Legal Standard.

Because matters outside the pleadings have been presented and not excluded by the Court, Defendant's motion to dismiss pursuant to Rule 12(b)(6) shall be treated as one for summary judgment.  Fed. R. Civ. P. 12(b).  Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kendall v.*

*Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984); *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991).

## III.   Analysis.

Trott argues that Plaintiff's action should be dismissed because Count I, the only remaining Count from Plaintiff's complaint, involves state issues, yet all of Plaintiff's state law claims have already been dismissed.  The argument, however, is unsuccessful, for Plaintiff claims that Trott's actions were in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Compl. at ¶ 32.  Trott also argues that Plaintiff has failed to meet the particularity requirement of Fed. R. Civ. P. 9(b), but this too is unsuccessful, as Plaintiff's complaint sufficiently alleges the circumstances.  *See Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988) ("The rule . . . requires only that the 'circumstances' of the fraud be pled with particularity, not the evidence of the case.  While 'circumstances' may consist of evidence, the rule does not mandate the presentation of facts and evidence in a complaint.").  Trott's final argument is that Plaintiff has brought forth no evidence to substantiate her claim against Trott.  This argument is successful.

Plaintiff's claim relies for its success on the notion that Plaintiff was deceived as to the validity of the foreclosure sale when she accepted Trott's offer for relocation money in exchange for the Deed in Lieu of Foreclosure.  At the hearing held on the matter, Plaintiff stated that the alleged injury occurred when she signed the Deed in Lieu of Foreclosure thinking that the foreclosure was valid.         Plaintiff presents, with her own motion, a letter she sent to Trott which states: "The purpose of this communication is to formally advise that the foreclosure against the

4

property identified above according to Michigan Foreclosure law was **illegal**."  Resp., Ex H at 1.

Plaintiff further states:

> As debtor at the time your illegal foreclosure proceedings took place I have every intention of filing an action in United States Bankruptcy Court seeking damages, an order declaring your actions void and in violation of the personal automatic stay, and an injunction precluding you on behalf of Associates a/k/a CitiFinancial "engaging [sic] in any acts attempting to prosecute, perfect or enforce the aforementioned void acts.

> Further, because your actions took place during the Automatic Stay, it is my belief that the bankruptcy court will issue an order declaring your actions void and in violation the [sic] automatic stay.  There are several cases all over the country against Associates involving the same subject matter in which they were fined and Associates paid the fines and their actions were found to be in violation of the automatic stay requirement.

*Id*. at 2.  The letter is dated June 3, 2003.

Trott provides a letter it received from Plaintiff, dated October 2, 2003, in which she states that she finds the Deed in Lieu of Foreclosure "a perfect solution" and "would greatly appreciate this gesture."  Mot., Ex. 5.  Plaintiff states that despite the appraisal value of the property and her improvements to it, "it is my intention to expedite this proceeding and I am just asking for your client to help me relocate. " *Id*.  She ends the letter by thanking Trott "for working with [her] to avoid the eviction." *Id*.  In an electronic mail message sent October 1, 2003, Plaintiff stated that she looked forward to resolving the matter and thanked Trott for its professional courtesies.  Mot., Ex. 4.  Trott also provides receipts for the relocation money signed October 6, 2003 and October 7, 2003.  Mot., Ex. 6.  What's more, Plaintiff states in her letter to Trott dated June 3, 2003, "I admit that I have been in law for 23 years and I am a very good paralegal."  Resp., Ex. H at 4.

Plaintiff clearly understood the circumstances surrounding the foreclosure sale and her acceptance of Trott's offer.  She was not deceived, but was aware of the invalidity of the foreclosure

sale a full four months before she came to the agreement with Trott for relocation money.  Trott did

not trick "Plaintiff into believing the matter had been settled when in fact, it was just beginning."

Compl. at ¶ 26.

     Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion for summary judgment

[docket entry 27] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

     **SO ORDERED.**

Dated:    March 31, 2006               s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 3, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
       Charles L. Hahn; Richard J. Klamka; Kathryn J. Miller         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:     Janice Pearl Craig-Gersham         .

                            s/Ruth A. Brissaud
                            Ruth A. Brissaud, Case Manager
                            (810) 341-7845